LUCIE McMILLAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45993. Promulgated March 20, 1931.

*Philip Nichols, Esq.*, for the petitioner.

*Bruce A. Low, Esq.*, and *L. H. Rushbrook, Esq.*, for the respondent.

872

OPINION.

SEAWELL: The petitioner contends that the Commissioner erred in his determination that she is not entitled to deduct from her gross income as an expense item or as a loss the sum of $50,000 paid or contributed by her in the manner and for the purpose stated in our findings of fact.

The question in issue arises under the Revenue Act of 1926, and the applicable provisions thereof relating to deductions for expenses incurred and losses sustained in the taxable year read in part as follows:

SEC. 214. (a) In computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

   *       *       *       *       *       *       *

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; but in the case of a non-resident alien individual only if the profit, if such transaction had resulted in a profit, would be taxable under this title. * * *

The claim or demand to satisfy which the $600,000 fund was raised and to which the petitioner contributed $50,000 was against the surviving trustee of the William McMillan estate for moneys paid to certain life tenants during the years 1901 to 1925, the husband of the petitioner being one of such life tenants.

The $50,000 claimed as deductible was not an ordinary and necessary expense paid or incurred during the taxable year in carrying on any trade or business, nor is it shown to have been a loss incurred in trade or business, the evidence failing to show that the petitioner was carrying on any trade or business. Petitioner, not being shown to have been engaged, in the taxable year, in any trade or business, can not claim the said item as deductible under either said section 214 (a) (1) or section 214 (a) (4). *Marion Stone Burt Lansill*, 17 B. T. A. 413, 425; *Helen A. P. Merriman*, 21 B. T. A. 67. Was the $50,000 contribution, made for the purpose shown, a loss sustained during the taxable year and not compensated for by insurance or otherwise and incurred in a transaction entered into for profit, though not connected with a trade or business, as provided for in section 214 (a) (5) of the Revenue Act of 1926?

The petitioner was not being sued; no judgment was pending against her, and no legal liability required her to contribute $50,000 to relieve the trustee of the William McMillan estate from his liability for erroneous or improper discharge of his duties as said trustee. What she did was done voluntarily and for what she and her counsel conceived to be, and apparently was, for her best interests, she being the widow and practically the sole beneficiary under the will of William Northrup McMillan, deceased, who had acquired the interests of various remaindermen under the will of his father. The letter inclosing her $50,000 check stated it represented her " contribution " to the $600,000 fund to be used " in effecting a final settlement of the William McMillan trust estate." If the settlement were not effected, the amount of the check was to be returned to her.

If the " contribution " is viewed as a gift, it would not, of course, be deductible either as an expense or as a loss. If viewed in the light of a payment made in settlement of litigation or threatened litigation and to make good her right and title to the remainder interests purchased by her deceased husband, the payment would not be a deductible loss.

The authorities relied on by petitioner are not applicable to the facts in the instant case. The contribution made by petitioner is not

deductible as an expense nor as a loss and the respondent committed no error in refusing to allow same as such.

*Judgment will be entered for the respondent.*